# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KENNETH L. JACKSON #47189**                                    **PETITIONER**

**VERSUS**                                              **No. 3:12-cv-520-WHB-RHW**

**BERKELY HALL, Warden**                                         **RESPONDENT**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court are [1] the petition for federal habeas corpus relief filed July 23, 2012 by Petitioner Kenneth L. Jackson pursuant to 28 U.S.C. § 2254, and [5] Respondent Berkely Hall's September 20, 2012 response to the petition. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that the petition for federal habeas relief should be denied.

## FACTS AND PROCEDURAL HISTORY

After being stopped for a traffic violation and being found in possession of marijuana on September 17, 2008, Corey Cowart told officers he had bought the marijuana in a residence from an individual called "Turk," whom he described to the officers. Cowart directed officers to the house where he had procured the drugs, and the officers saw several individuals in the yard at the residence, including one who fit the description given by Cowart. The officers obtained a search warrant for the residence, which they served in the early evening of the same day. The search yielded over 700 grams of marijuana found in twelve varying amounts throughout the house, along with scales, small plastic baggies, and a handgun. During the search, one of the men in the yard identified himself as Kenneth L. Jackson, the resident of the house, and stated he was known as "Turk" and that the marijuana was his. Jackson's wife Ursula Wells came home while

the search was ongoing, and also stated this was her house.  Both Jackson and Wells were arrested and charged with possession of marijuana with intent to distribute and conspiracy to distribute marijuana.  Jackson was also charged with possession of a firearm by a convicted felon.

Jackson and Wells were jointly indicted on April 6, 2009, in a three-count indictment returned by the grand jury of Pike County, Mississippi.  Count I charged each of them with possession with intent to distribute marijuana with enhanced penalties because the offense occurred within 1500 feet of a public park and while they were in possession of the handgun.  In Count II Jackson and Wells were charged with conspiracy to distribute marijuana, and Count III charged only Jackson with possession of a firearm after conviction of a felony.[1]  [6-1, pp. 7-9] The indictment was later amended to add a third enhancement against Jackson in Count I under MISS. CODE ANN. § 41-29-147, based on his prior drug conviction–the same conviction which undergirds Count III, the possession of a firearm after conviction of a felony.  [6-1, pp. 43-47]

Following a two-day trial, on September 16, 2009, the jury found Jackson guilty of possession of marijuana with intent to distribute enhanced by possession of a firearm (Count I), conspiracy to distribute marijuana (Count II), and possession of a firearm after conviction of a felony (Count III).  [6-1, p. 31], [6-4, p. 120]  On September 21, 2009, the trial court sentenced Jackson to 35 years on Count I and concurrent ten year terms on Counts II and III, ordered that Jackson serve twenty years on Count I, ten years on Count II and ten years on Count III, and suspended fifteen years on Count I for five years post-release supervision.[2]  [6-1, pp. 47-48]

---

[1] A June 16, 1995 conviction for sale of cocaine in Pike County Circuit Court Cause No. 14,513-B, for which Jackson was sentenced to eight years in custody of the Mississippi Department of Corrections (MDOC).

[2] Although the trial court's September 16, 2009 order incorporating the jury verdict correctly stated only the possession of a firearm enhancement [6-1, pp. 37-8], the sentencing order [6-1, pp. 48-9] and notice of criminal disposition [6-1, p. 50] erroneously state the Count I conviction was for "possession of ... marijuana with intent to distribute *within 1,500 feet of a public park*," an issue not raised in this petition.

Jackson requested and was granted an out of time appeal, at which he was represented by different counsel than his trial attorney. On appeal he asserted insufficiency of the underlying facts for the search warrant, insufficiency of the evidence to support the conviction of conspiracy and ineffective assistance of counsel in these five particulars: (1) failing to move for a mistrial after a hearsay statement was made before his objection was entered; (2) allowing an officer to testify that scales and plastic bags found in the home were used to distribute marijuana; (3) failing to stipulate that Jackson was a convicted felon to prevent the State from entering his prior sentencing order for sale of cocaine; (4) failing to object that other individuals at his home the night of the search were arrested on unrelated outstanding charges; and (5) failing to attempt to sever his case from that of his wife. The Mississippi Court of Appeals affirmed Jackson's conviction and sentence on May 31, 2011. *Jackson v. State*, 73 So.3d 1176 (Miss. App. 2011), *reh'g denied* August 30, 2011, *cert. denied* November 3, 2011. Jackson is presently confined at the Marion-Walthall County Regional Correctional Facility in Columbia, Mississippi where Derek Mingo is warden.

The issues raised in Jackson's March 13, 2012 application to proceed in the trial court with a post-conviction motion are the same as those in the present habeas petition:

> 1. The enhancement portion of the motion to amend indictment charging Jackson as a subsequent offender under Miss. Code Ann. § 41-29-147, is constitutionally and statutorily defective and void where the motion to amend the indictment and the order allowing such amendment to the indictment fails to charge, and the state failed to introduce proof of, the statutory required element of the date of the judgment in the prior convictions as the law require (*sic*) under Rule 11.03(1), Miss. Rules of Cir. and Cty Court Practice.
>
> 2. Jackson was subjected to ineffective assistance of counsel at trial and during the sentencing proceedings in the trial court, in violation of his 6th Amendment rights to the United States Constitution and the constitution of the state of Mississippi.

In its April 18, 2012 order denying the application to proceed with a post-conviction motion, the Mississippi Supreme Court found the indictment was properly amended and that Jackson failed to meet the ineffective assistance standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

## LAW AND ANALYSIS

The grounds for relief in Jackson's habeas petition were denied on the merits by the Mississippi Supreme Court in his application to proceed with post-conviction relief, *i.e.*, that his indictment was improperly amended to charge him as a subsequent drug offender subject to enhanced penalties for possession of marijuana with intent to distribute, and that his trial attorney was ineffective in failing to challenge the amendment. "Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington v. Richter*, 131 S.Ct. 770, 779 (2011). This Court may grant habeas relief on these claims only if the state court's adjudication of the claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Since Jackson's petition presents questions of law or mixed questions of law and fact, it is governed by subsection (1) of the statute. *See Gachot v. Stalder*, 298 F.3d 414, 417-418 (5th Cir. 2002). A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the U.S. Supreme Court on "materially indistinguishable facts;" it involves an unreasonable application of federal law if it identifies the correct governing principle but applies it in an objectively unreasonably manner to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000);

*Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A federal habeas court does not sit as a super appeals court, nor does it conduct *de novo* review of state court decisions. *Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). The question, therefore, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Both grounds in Jackson's petition concern his Count I conviction of possession with intent to distribute marijuana. The original indictment included enhancements based upon the proximity of the crime to a public park and the contemporaneous possession of a firearm. The amendment added a third enhancement against Jackson as a second or subsequent drug offender. Each of these enhancements authorizes double the penalty for the crime of possession of marijuana with intent. MISS. CODE ANN. §§ 41-29-142, 41-29-152 and 41-29-147.[3] Jackson first complains the amendment of the indictment failed to comply with Rule 11.03(1) of the Mississippi Uniform Rules of Circuit and County Court Practice (URCCC), which requires that in cases involving enhanced punishment for subsequent offenses under state statutes,

> The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.

Jackson contends the amendment is defective because it did not set out the date of judgment of his prior sale of cocaine charge, and that the prosecution submitted only a certified copy of the sentencing order in that case. The Mississippi Supreme Court has since upheld a case involving strikingly similar arguments, facts and circumstances. *See*, *Hills v. State*, 101 So. 3d 691 (Miss.

---

[3]The statutory penalty for possession with intent to distribute the marijuana in this case is not more than 30 years imprisonment and/or a fine of $5000 to $1,000,000. MISS. CODE ANN. § 41-29-139(b)(1).

App. 2012), *reh'g denied* Sept. 11, 2012, *cert. denied* November 29, 2012. Hills was convicted of sale of cocaine within 1500 feet of a church and conspiracy to distribute cocaine, and was sentenced with enhancements due to the proximity of a church and due to prior convictions making him a habitual offender. On post-conviction motion, Hills claimed his sentence was illegal or unconstitutional because his indictment did not contain the judgment dates for his prior convictions, and that his counsel was ineffective for failing to object to the indictment on that ground. The Mississippi Court of Appeals held the absence of the judgment date did not preclude imposition of enhanced punishment, finding inclusion in the indictment of the dates of Hills' guilty pleas, the nature of the crimes, the cause numbers, sentencing dates and length of each sentence, and the location in the minute books where the sentences were recorded "more than sufficient to put Hills on notice of the prior crimes used to charge him as a habitual offender." *Id.*, at 693. The Court further held that Hills could not show that his attorney's failure to object to the indictment constituted ineffective assistance of counsel.

In the case at bar, Jackson's original indictment and the amendment both identified Jackson's prior drug conviction by the court which entered the conviction, the nature of the crime, the cause number, the date of sentence, and the sentence he received. [6-1, p. 9] The sentencing order attached to the motion to amend further shows the minute book where the prior conviction is recorded. [6-1, pp. 43-46] The Mississippi Supreme Court found no impropriety in the amendment of Jackson's indictment and denied his post conviction application. Even more importantly for purposes of the present matter, the record before this Court shows Jackson was not sentenced as a subsequent drug offender on Count I; the jury instructions given mention only enhancement by possession of the firearm, the jury verdict found Jackson guilty of Count I enhanced only by possession of the firearm, and the sentencing order does not indicate any sentence enhancement as a subsequent drug offender. [6-1, pp. 21-31], [6-4, p. 120]

The undersigned is of the opinion that Jackson's first ground for relief in the instant petition is without merit. His claim that the amendment of the indictment failed to comply with a state court rule does not entitle him to federal habeas relief. A state's interpretation of its own laws or rules is no basis for federal habeas relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Federal habeas relief based on sufficiency of a state indictment requires a showing that the indictment was so defective that the trial court had no jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-314 (5th Cir. 2003). Jackson has made no such showing in this case, nor has he shown the state court's granting the amendment of the indictment was "contrary to, or involved an unreasonable application of, clearly established Federal law..." 28 U.S.C. § 2254(d)(1).

Absent some impropriety in the amendment of the indictment, there is no foundation for Jackson's claim of ineffective assistance based on his trial attorney's failure to object to the amendment of the indictment. In ruling on the post-conviction application, the Mississippi Supreme Court found Jackson failed to satisfy the standard for determining ineffective assistance claims as set out in *Strickland v. Washington*, 466 U.S. 668 (1984). One claiming ineffective assistance must show that (1) his counsel's performance fell below an objective standard of reasonableness, that it was deficient to the extent that counsel failed to function as the counsel guaranteed by the Sixth Amendment, <u>and</u> (2) the defendant was so prejudiced by his counsel's deficient performance that he was deprived of a fair trial. *Strickland*, 466 U.S. at 686-88. Failure to establish both prongs of the test warrants rejection of the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds). This Court cannot grant habeas relief unless it finds the state court's application of this law was objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 409 (2000). The undersigned finds no unreasonable application of *Strickland* to Jackson's case.

The record before the Court reveals no basis for finding either prong of the *Strickland* test established, but even if Jackson could meet the first prong of the test, he cannot meet the prejudice requirement since he was not sentenced as a subsequent drug offender. To prove prejudice, the second prong of the test, Jackson was required to demonstrate that it is reasonably probable that the result of the proceedings would have been different but for counsel's deficient performance, that counsel's performance rendered the trial result fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) *cert. denied*, 516 U.S. 1005 (1995); *Bates*, 805 F.2d at 578. "[I]t is not sufficient that a habeas petitioner merely alleges a deficiency on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition." *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988)(citing *Hill v. Lockhart*, 474 U.S. 52, 59-61, (1985)); *see also*, *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986), *cert. denied*, 476 U.S. 1143 (1986)(petitioner must show there is a reasonable probability that but for counsel's inadequate representation the result of the proceeding would be different). Jackson acknowledged in his petition that he bore this burden [1, p. 5], yet he has presented no evidence to any reasonable probability that, but for his attorney's failure to object to the amendment of the indictment, the jury would not have convicted him of possession of the marijuana with intent to distribute while in possession of a firearm. He has presented no evidence to overcome the presumption that under all the circumstances, his trial attorney's actions fall within the ambit of reasonable professional assistance and sound trial strategy. *Williams v. Cain,* 125 F.3d at 276.

## **RECOMMENDATION**

Based on the Petition, Respondent's answer, the record, and relevant legal authority, the undersigned finds no unreasonable application of clearly established Federal law to the facts of Jackson's case, and recommends that his federal habeas petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *L.U.Civ.R.*, after service of this Report and Recommendation, each party has fourteen (14) days to file with the clerk, serve upon the other parties and submit to the assigned District Judge his written objections to the Report and Recommendation. Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this 16th day of May, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE