**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**KENNETH L. JACKSON #47189**                                    **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:12-cv-520-WHB-RHW**

**BERKLEY HALL, Warden**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker, to which no objections have been filed.[1] After considering the R and R and the other pleadings in this case,[2] the Court finds it should be adopted in its entirety.

**I.  Discussion**

This case arises out of Petitioner, Kenneth L. Jackson's ("Jackson"), state law jury convictions and sentences on the following charges: (Count I) possession with the intent to distribute marijuana enhanced by the possession of a firearm; (Count II) conspiracy to distribute marijuana; and (Count III) possession of a firearm by a convicted felon.  As to his convictions, Jackson was sentenced as follows: (Count I) 35-year term of imprisonment, with 15 years suspended and 5 years of post-

---

[1]  The parties were required to file objections to the R and R on or before June 3, 2013.  No objections have been filed to date.

[2]  As Petitioner is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed.  <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

release supervision; (Count II) 10-year term of imprisonment; (Count III) 10-year term of imprisonment. All of the sentences were ordered to run concurrently.

Jackson appealed challenging both the sufficiency of the facts underlying the search warrant by which his home was searched, and the sufficiency of the evidence underlying the conspiracy conviction. Jackson also argued that he had received ineffective assistance of counsel because his trial attorney: (1) failed to move for a mistrial after a hearsay statement was made to the jury before his objection was entered, (2) allowed an officer to testify that the scales and plastic bags found in the home were used to distribute the marijuana, (3) failed to stipulate that Jackson was a convicted felon to prevent the State from entering his prior sentencing order for the sale of cocaine, (4) failed to object to testimony that several individuals found at the home were arrested on unrelated outstanding warrants, and (5) made no attempt to sever the cases against Jackson and his wife. Jackson's conviction and sentences were affirmed on appeal. See Jackson v. State, 73 So.3d 1176 (Miss. Ct. App. 2011), reh'g denied, 2010 TS 7-COA, slip. op. (Miss. Ct. App. Aug. 30, 2011), cert. denied, 2010 TS 7-COA, slip. op. (Miss. Nov. 3, 2011).

In March of 2012, Jackson filed an Application for Leave to File Motion for Post Conviction Collateral Relief ("Application"). In his Application, Jackson raised the following claims: (1) the motion to amend the indictment to charge him as a subsequent offender, and the order by which the amendment was allowed, were

defective because the state failed to submit evidence regarding the date(s) of his prior convictions; and (2) he received ineffective assistance of counsel during trial and at sentencing. The Application was denied on its merits by the Mississippi Supreme Court on findings that the indictment had been properly amended, and that Jackson had failed to meet the ineffective assistance of counsel standard of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Jackson v. State</u>, 2012-M-00415, slip. op. (Miss Apr. 18, 2012) (filed in this case at [Docket No. 5], Ex. B).

On or about July 13, 2012, Jackson filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which is presently before the Court. In his Petition, Jackson raises the same claims as were raised in his Application, namely that (1) the motion to amend the indictment to charge him as a subsequent offender, and the order by which the amendment was allowed, were defective because the state failed to submit evidence regarding the date(s) of his prior convictions; and (2) he received ineffective assistance of counsel during trial and at sentencing. <u>See</u> Petition [Docket No. 1].

The Petition came before United States Magistrate Judge Robert H. Walker, who, on May 16, 2013, entered a Report and Recommendation ("R and R"), recommending that it be dismissed. In his R & R, Judge Walker found that the claims raised in Jackson's Petition had previously been denied on their merits by the Mississippi Supreme Court. <u>See</u> R & R [Docket No. 8], at 4. As Jackson's claims had previously been adjudicated, Judge Walker

found that federal habeas relief could be granted only if Jackson showed that the decision by the Mississippi Supreme Court was (1) contrary to, or constituted an unreasonable application of, federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Id. (quoting 28 U.S.C. § 2254(d)). Judge Walker found Jackson had failed to make the required showing with respect either claim. Id. at 5-8.

After reviewing the R and R, to which no objections have been filed, as well as Jackson's Petition and other pleadings in this case, the Court agrees that Jackson has failed to make the showing necessary to obtain federal habeas relief in this Court. Accordingly, the Court will adopt Judge Walker's R and R recommending dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the May 16, 2013, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 8], is hereby adopted as the ruling of this Court. A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 9th day of July, 2013.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE